IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELEVATE LEARNING, LLC, an Illinois Limited Liability Company, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| ELEVATE LEARNING, IL LLC, a Delaware Limited Liability Company and ELEVATE LEARNING, LLC, a Delaware Limited Liability Company | ) ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT**

Case No.:

Jury Trial Demanded

## COMPLAINT

Plaintiff, ELEVATE LEARNING, LLC, an Illinois limited liability company ("Elevate" or "Plaintiff"), by and through its attorneys ROTH LAW GROUP LLC, files this Complaint against Defendants, ELEVATE LEARNING, IL LLC, a Delaware limited liability company, and ELEVATE LEARNING, LLC, a Delaware limited liability company ("Defendants") and states as follows:

## PARTIES

1. Plaintiff Elevate is an Illinois Limited Liability Company with its principal place of business at 980 N. Michigan Ave., Ste. 1400, Chicago, IL 60611.

2. Defendant Elevate Learning IL, LLC is a Delaware Illinois Limited Liability Company with its principal place of business at 11110 Ohio Ave., Ste., 100 West Los Angeles, CA 90025.

1

3. Defendant Elevate Learning, LLC, is a Delaware Illinois Limited Liability Company with its principal place of business at 11110 Ohio Ave., Ste., 100 West Los Angeles, CA 90025.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over Plaintiff's trademark claim pursuant to the Lanham Act., 15 U.S.C. §§ 1051 et seq. and 28 U.S.C. § 1338 (a) and (b). The Court has supplemental jurisdiction over the Illinois state law claims pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendants pursuant to 735 ILCS 5/2-209(b) (3) because Elevate Learning IL, LLC is registered as a foreign Limited Liability Company with the Illinois Secretary of State.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (c) because this Court has personal jurisdiction over Defendants in this District.

## FACTS

I. <u>Elevate Learning LLC has used its Protected Marks in Interstate Commerce to Identify Its Services.</u>

7. Plaintiff Elevate was organized as an Illinois limited liability company in 2009 and has operated nationwide under the company name "Elevate Learning LLC" since its formation. *See* Illinois Secretary of State File Detail Report, attached hereto as Exhibit "1."

8. Elevate provides tutoring services to clients nationwide, including but not limited to, individual schools as well as entire school districts and direct to students, including in Illinois and it operates under the names "Elevate Learning LLC" and "Elevate K-12." *See* Screenshot of Plaintiff's website, attached hereto as Exhibit "2." Additionally, Elevate uses "@elevatelearning.com" as the address for its emails. Exhibit "2."

9. Beginning in 2009, Elevate has actively promoted its "Elevate Learning" brand and its services under this Mark, throughout the United States, including in Illinois. Elevate has used this Mark not only as the name of its company, but also on advertisements, marketing and promotional materials, and on its website elevatelearning.com which redirects to elevateK12.com.

10. Elevate has made substantial investments in marketing, advertising, and promoting the identification of its Mark to its customers in the field of education.

II. Elevate Learning LLC has Generated Significant Goodwill in its Mark.

11. Elevate has used its Mark on the internet at elevatelearning.com, ElevateK12.com and in advertisements and other promotional materials since early 2009 in Illinois and throughout the United States. Over the past several years, Elevate has also extended its continuous and extensive internet presence by creating and maintaining business profiles on social media outlets such as LinkedIn and Facebook. By these and other investments, Elevate has acquired significant goodwill and recognition in its Mark, which is a highly valuable asset.

12. Because Elevate advertises, promotes, and offers its services under the Mark, the Mark is the means by which Elevate's services are distinguished from the services of others in the same or related fields.

13. Because of Elevate's long, continuous and exclusive use of the Mark in the online tutoring industry, the Mark has come to mean, and is understood by customers and the public to signify Elevate and its service.

III. Elevate Holds a Federal Trademark.

14. Elevate currently holds the following federal trademark registered with the United States Patent and Trademark Office ("USPTO") for Elevate Learning LLC in connection with

3

online tutoring services, Registration No. 4,798,724, registered on August 25, 2015. *See* Reg. No. 4,798,724, attached hereto as Exhibit "3."

### IV. Defendants have Infringed Elevate's Rights in its Distinctive Mark.

15. The Defendants have common ownership and collectively operate under the name Elevate Learning, LLC.

16. Defendants organized in Delaware under the names Elevate Learning, LLC on September 10, 2013 and Elevate Learning, IL LLC on January 24, 2014 and under the name Elevate Learning, LLC with the California Secretary of State on September 20, 2013. *See* DE/CA Secretary of State Registrations, attached hereto as Group Exhibit "4."

17. Defendant Elevate Learning, IL LLC also registered in Illinois with the Secretary of State as a Delaware LLC on January 24, 2014. *See* IL Secretary of State Registration, attached hereto as Exhibit "5."

18. Defendants collectively operate a website with the address "elevatelearningusa.com." On that website, Defendants hold themselves out as "Elevate Learning" and Defendants' use of the name Elevate Learning, LLC as its company name infringes Elevate's exclusive rights under state and federal law. *See* Screenshot of Defendants' website, attached hereto as Exhibit "6."

19. Defendants have also registered as Elevate Learning, LLC with the California Department of Education as a Supplemental Educational Services (SES) Provider causing further confusion between it and Plaintiff. *See* California DOE SES Registration, attached hereto as Exhibit "7."

20. Defendants' use of Elevate Learning as their name has resulted in it showing up in Google search results instead of Plaintiff. *See* Google Plus result, attached hereto as Exhibit "8."

4

V. <u>Defendants' Conduct Dilutes Elevates Brand and Goodwill.</u>

21. Elevate's name and reputation are well-known in the tutoring services industry as a result of its significant efforts and the investments in marketing, advertising and branding. This goodwill and reputation is irreparably damaged when Defendants assumed and used an identical trade name in connection with offering the same services. Moreover, this use damages Elevate's brand confidence, which can result in a loss of future sales and market share. The extent of harm to Elevate's reputation and goodwill and the potential loss of future sales and customers due to loss in brand confidence are largely unquantifiable.

22. Moreover, given the substantial effort and investment made by Elevate over the past six years in developing and preserving its customer goodwill, business reputation, and brand recognition, if Elevate is required to operate under a new name, Elevate will need to expend significant additional effort and considerable resources into re-creating this same goodwill, reputation, and confidence under a new name.

**COUNT I – ALL DEFENDANTS**
**TRADEMARK INFRINGEMENT – Reg. No. 4,798,724.**
**(Violation of 15 U.S.C. § 1114).**

23. Elevate repeats and re-alleges Paragraphs 1 through 22 as through fully incorporated herein.

24. Elevate holds Registered Trademark No. 4,798,724, for Elevate Learning LLC for use in the online tutoring industry and this registration was duly issued by the U.S. Patent and Trademark Office and is valid, subsisting and enforceable. *See* Exhibit "3."

25. Defendants' use of Elevate Learning LLC and the Mark in commerce constitutes a violation of 15 U.S.C. § 1114 and infringes upon Elevate's Registered Trademark Nos. 4,798,724. Defendants' infringement has caused and, unless enjoined, will continue to cause

5

confusion, mistake, or deception as to the source, affiliation, connection, or association of its goods and services with those of Elevate, or as to the approval, sponsorship, or endorsement of Defendants' services by Elevate.

26. Defendants' infringement is willful.

27. As a result of Defendants' wrongful conduct, Elevate has suffered and will continue to suffer damages.

28. Defendants' wrongful conduct is causing Elevate irreparable injury for which Elevate has no adequate remedy at law.

## COUNT II – ALL DEFENDANTS
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
## (Violation of 15 U.S.C. § 1125(a))

29. Elevate repeats and re-alleges Paragraphs 1 through 22 as though fully incorporated herein.

30. Defendants have wrongfully used the name and Mark, Elevate Learning LLC which is identical to Elevate's federally registered trademark.

31. Defendants have used and continue to use their infringing Mark willfully, with actual knowledge of Elevate's rights.

32. Defendants' conduct constitutes a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and (b), because it creates confusion, mistake, and deception, by causing consumers and other market participants to believe that Defendants are associated with Elevate.

33. Defendants' wrongful conduct is willful.

34. Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

35. Further, Defendants' use of the Elevate Learning name and Mark erodes the distinctiveness of Elevate's Mark and the goodwill associated with the trademark.

6

36. As a result of Defendants' wrongful conduct, Elevate has suffered and will continue to suffer damages.

37. Defendants' wrongful conduct is causing Elevate irreparable injury and unjustly enriches Defendant.

**COUNT III – ALL DEFENDANTS**
**TRADEMARK INFRINGEMMENT**
**(Illinois Common Law)**

38. Elevate repeats and re-alleges Paragraphs 1 through 22 as though fully incorporated herein.

39. Elevate has acquired rights in the Mark, Elevate Learning LLC, under common law by virtue of its longstanding use of the Mark in commerce.

40. Defendants have deliberately and maliciously adopted and used the Mark, "Elevate Learning, LLC," which is identical to Elevate's exclusive right to use the Mark. Defendants' infringement of this Mark has caused and, unless enjoined, will continue to cause confusion, mistake, or deception as to the source, affiliation, connection, or association of its services with those of Elevate, or as to the approval, sponsorship, or endorsement of Defendants' services by Elevate.

41. As a result of Defendants' wrongful conduct, Elevate has suffered and will continue to suffer damages.

42. Defendants' wrongful conduct is also causing Elevate irreparable injury, for which Elevate has no adequate remedy at law.

43. Defendants' infringement is willful.

**COUNT IV**
**UNFAIR COMPETITION – ALL DEFENDANTS**
**(Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq.)**

44. Elevate repeats and re-alleges Paragraphs 1 through 22 as though fully incorporated herein.

45. Defendants' wrongful conduct involves trade and commerce practices that implicate consumer protection concerns. Defendants' deliberate and a willful use of the Mark has caused and, unless enjoined, will continue to cause consumer confusion, mistake, or deception as to the source, affiliation, connection, or association of its services with those of Elevate, or as to the approval, sponsorship, or endorsement of Defendants' services by Elevate.

46. Defendants' wrongful conduct is willful and intentional.

47. Defendants' wrongful conduct causes injury to the public interest and to Elevate, which has suffered and will continue to suffer damages.

**PRAYER FOR RELIEF**

WHEREFORE, Elevate hereby requests that this Court:

a. Enter judgment in favor of Elevate and against Defendants on all counts, in an amount to be determined at trial;

b. Enter an Order preliminarily and permanently enjoining and restraining Defendants, their respective officers, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated and/or related companies, attorneys and all persons in active concert and/or participation with Defendants, from the following:

   i. Infringing Elevate's Mark;

   ii. Using the Mark or name "Elevate Learning LLC" or any confusingly similar Mark, name, or colorable imitation thereof, to promote, market, advertise, or sell Defendants' services or otherwise in connection with

        Defendants' conduct of business in such a way as to mislead or confuse anyone as to the source, affiliation or sponsorship of such business;

   iii. Otherwise infringing or diluting the distinctive quality of Elevate's Mark;

   iv. Injuring Elevate's business reputation and goodwill, and from otherwise unfairly competing, directly or indirectly, with Elevate, its affiliates or subsidiaries; and

   v. Causing a likelihood of confusion or misunderstanding as to source, sponsorship, association, affiliation or approval with or by Elevate, or engaging in conduct tending to create a false commercial impression of Defendants' services, or any other conduct that tends to pass off Defendants' services as those of Elevate or creates likelihood of confusion or misunderstanding or false impression.

c. Enter an Order directing Defendants to cancel its corporate registration of Elevate Learning, IL LLC and Elevate Learning, LLC with the Office of the Secretaries of State of Illinois, Delaware and California.

d. Direct Defendants to immediately cease using the urls "elevatelearningllc.com" and "elevatelearningusa.com" and remove any use or reference to Elevate Learning LLC from all websites and any other materials and require that it inform its employees, vendors, customers, etc., that "Elevate Learning, LLC, or any other names they use or have used including 'Elevate Learning', is not affiliated with Plaintiff Elevate Learning, LLC."

e. Direct Defendants to file in Court and to serve Elevate, within thirty (30) days after the entry of the above injunction, a report in writing, under oath, setting forth in detail the manner and form in which they have complied with the injunction.

f. Require Defendants to account for and pay over to Elevate all actual damages that Elevate has suffered; all gains, profits and advantages derived by Defendants from their infringement of the Elevate Mark, and any such damages as to the Court shall appear proper within the provisions of the Lanham Act.

g. Order Defendants to pay interest, costs and reasonable attorneys' fees to Elevate.

h. Grant Elevate such other and further relief as the Court deems just and proper.

Plaintiff hereby requests a trial by jury on all issues so triable.

**ELEVATE LEARNING LLC**

By:    s/ Karl W. Roth /
     Karl W. Roth

**Dated: November 12, 2015**

Karl W. Roth
IL ARDC No.: 6275808
William P. Foley
IL ARDC No.: 6294672
ROTH LAW GROUP, LLC
150 N. Michigan Ave., Suite 800
Chicago, Illinois 60601
Telephone: (312) 419-9599
kwr@rothlawgroup.com
wpf@rothlawgroup.com